UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CRISTINA GARCIA BOSCAN,<br><br>                Petitioner,<br><br>    v.<br><br>MOISES BECERRA, et al.,<br><br>                Respondents. | No. 1:26-cv-00651-KES-SAB<br><br>ORDER DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>Doc. 2 |

      Petitioner Elizabeth Cristina Garcia Boscan, a civil immigration detainee, brings a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, and a motion for a temporary restraining order and request for an order to show cause regarding a preliminary injunction, Doc. 2. Petitioner alleges that while detained under respondent's supervision, she has experienced lapses in her access to medication and a lack of appropriate psychiatric follow-up for her anxiety and depression. Doc. 1. Based on her allegations concerning her inadequate medical care while in detention, petitioner argues that the Due Process Clause of the Fifth Amendment requires her immediate release from detention. *Id.* at 4–5. Respondents contend that petitioner may not challenge the conditions of her confinement through this habeas action, and they dispute that petitioner lacked medication or adequate access to medical care. Doc. 7. Petitioner filed a reply. Doc. 8.

For the reasons set forth below, petitioner's motion for a temporary restraining order fails to demonstrate a likelihood of success on the merits of her petition. The motion for a temporary restraining order is denied.[1] The petition is referred to the assigned magistrate judge for further proceedings and/or other appropriate action, including as to whether the petition should be dismissed for lack of jurisdiction.

## I.  LEGAL STANDARD

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." *See Stuhlbarg Int'l Sales Co. v. John D. Bush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citing *Munaf*, 553 U.S. at 689–90; *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

## II.  ANALYSIS

Petitioner reports that she has experienced panic attacks, medication interruptions, lack of meaningful psychiatric treatment, and untreated anemia-related symptoms while in civil

---

[1] As petitioner has not shown that she should receive temporary emergency injunctive relief, the Court declines to issue an order to show cause regarding a preliminary injunction.

immigration detention. Docs. 1, 2. In her motion, petitioner seeks emergency injunctive relief ordering her immediate release. Doc. 2 at 3. Respondents argue that the petition improperly challenges the conditions of her confinement through a petition for writ of habeas corpus, citing *Pinson v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023).

As the Ninth Circuit has recently explained:

> *Pinson* [*v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023)] solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement. In *Pinson*, two inmates sought habeas relief, arguing that the conditions of their incarceration during the COVID-19 pandemic violated the Eighth Amendment. *Pinson*, 69 F.4th at 1062. This court rejected claimant Sands's argument that only habeas relief could ameliorate the harm inflicted on him by the government's ongoing failure to sufficiently treat his underlying illnesses and protect him from exposure to the coronavirus. *Id.* at 1063, 1065–66, 1075. In so doing, this court affirmed the district court's dismissal of claimant Sands's habeas petition for lack of jurisdiction, delineating that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." *Id.* at 1072, 1076. In dismissing the petition, this court concluded that claimant Sands appeared to challenge only the conditions of his confinement and not the underlying legal basis for that confinement, and therefore his claim was "outside the core of habeas." *Id.* at 1073.

*Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

The crux of petitioner's challenge is to the conditions of her confinement: specifically, alleged constitutionally inadequate medical care. Petitioner asserts that these "conditions render detention itself impermissible," Doc. 8 at 2, but she has not shown that release would be "legally required" if she established the allegations in her petition. *See Pinson*, 69 F.4th at 1072. Petitioner does not challenge "the legality or duration of [her] confinement," *Pinson*, 69 F.4th at 1069 (quoting *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), as required to seek relief through habeas. She does not dispute or even discuss the basis for her civil immigration detention. Because petitioner's claims concern the quality of care provided during detention, rather than the legal basis for detention itself, they are not cognizable in habeas.

Petitioner does not meaningfully address *Pinson* in her reply. She argues that *Pinson* is inapposite because the petitioner there sought alternative medical treatment while remaining confined, whereas petitioner here seeks release on the theory that detention itself has become

unconstitutional. This distinction is unpersuasive. *See Pinson*, 69 F.4th at 1072 ("The question of whether a claim goes to the core of habeas does not turn . . . solely on whether the prisoner requested release as opposed to some other form of relief."). Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance.[2] The medical records petitioner submits also appear to reflect that she has received medical care in custody since November 14, 2025. Petitioner does not identify the date her detention began, and she does not provide sufficient factual detail concerning the circumstances of any alleged denial of medical care or medication.

Petitioner's motion for a temporary restraining order is denied, as she has failed to show a likelihood of success on her claims.

### III. CONCLUSION

Accordingly:

1. Petitioner's motion for a temporary restraining order, Doc. 2, is denied.
2. This matter is referred to the assigned magistrate judge for further proceedings and/or other appropriate action.

IT IS SO ORDERED.

Dated:   February 5, 2026

UNITED STATES DISTRICT JUDGE

---

[2] Petitioner asserts that "[c]ourts within this Circuit have distinguished *Pinson* where continued custody poses a substantial risk of serious harm," Doc. 8 at 3, but she fails to cite any authority supporting that position.