# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CRISTINA GARCIA BOSCAN,<br><br>    Petitioner,<br><br>    v.<br><br>MOISES BECERRA, et al.,<br><br>    Respondents. | Case No. 1:26-cv-00651-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

On January 26, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for a temporary restraining order ("TRO"). (ECF Nos. 1, 2.) On February 5, 2026, the assigned district judge denied Petitioner's motion for TRO and referred the matter "to the assigned magistrate judge for further proceedings and/or other appropriate action." (ECF No. 9 at 4.) Respondents have filed a response, and Petitioner has filed a reply. (ECF Nos. 13, 14.)

## II.

## DISCUSSION

In the petition, Petitioner seeks release from confinement "because her continued confinement has become unconstitutional and unlawful due to Respondents' failure to provide

1

constitutionally adequate mental health and medical care, including medication continuity and psychiatric/psychological treatment." (ECF No. 1 at 1[1] (emphasis deleted).) Prior to detention, Petitioner had documented anxiety and depression and had been prescribed two medications. Petitioner reports that she has not received meaningful treatment by a psychologist or psychiatrist while in detention and has minimal interaction with medical personnel and a lack of appropriate follow-up. Although Petitioner has been prescribed medications in detention, she has not received them consistently, which has resulted in recurrent panic attacks. Petitioner has been told she has anemia and requires iron, but detention staff have informed her that they would not provide it. (Id. at 2–3.) Petitioner asserts Fifth Amendment due process claims and requests immediate release. (Id. at 4–5.)

Respondents argue that "[b]ecause the petition looks to redress conditions of confinement instead of the legality of her detention it should be dismissed." (ECF No. 13 at 2.) Respondents further contend that the "record shows that Petitioner has been seen for psychiatric treatment based on her mental health issues and is transitioning to new medication to address her anxiety and panic symptoms," "has consistently received her prescriptions," and "knows how to request medical help but, it appears her only request for help since November has been for the facility to provide medical records to her attorney." (Id.)

In denying the motion for TRO, the district judge stated:

As the Ninth Circuit has recently explained:

> *Pinson* [*v. Carvajal*, 69 F.4th 1059 (9th Cir. 2023)] solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement. In *Pinson*, two inmates sought habeas relief, arguing that the conditions of their incarceration during the COVID-19 pandemic violated the Eighth Amendment. *Pinson*, 69 F.4th at 1062. This court rejected claimant Sands's argument that only habeas relief could ameliorate the harm inflicted on him by the government's ongoing failure to sufficiently treat his underlying illnesses and protect him from exposure to the coronavirus. *Id.* at 1063, 1065–66, 1075. In so doing, this court affirmed the district court's dismissal of claimant Sands's habeas petition for lack of jurisdiction, delineating that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

requested." *Id.* at 1072, 1076. In dismissing the petition, this court concluded that claimant Sands appeared to challenge only the conditions of his confinement and not the underlying legal basis for that confinement, and therefore his claim was "outside the core of habeas." *Id.* at 1073.

*Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024).

The crux of petitioner's challenge is to the conditions of her confinement: specifically, alleged constitutionally inadequate medical care. Petitioner asserts that these "conditions render detention itself impermissible," Doc. 8 at 2, but she has not shown that release would be "legally required" if she established the allegations in her petition. *See Pinson*, 69 F.4th at 1072. Petitioner does not challenge "the legality or duration of [her] confinement," *Pinson*, 69 F.4th at 1069 (quoting *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), as required to seek relief through habeas. She does not dispute or even discuss the basis for her civil immigration detention. Because petitioner's claims concern the quality of care provided during detention, rather than the legal basis for detention itself, they are not cognizable in habeas.

(ECF No. 9 at 3.)

A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). See Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir. 2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

In Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), two federal prisoners "challenge[d] the dismissals of their habeas corpus petitions in which they asserted that their incarceration during the COVID-19 pandemic violated the Eighth Amendment and sought release from custody." Id. at 1062. Holding that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested," the Ninth Circuit

found that "Sands has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." Id. at 1072, 1075. "Because Sands's claims lie outside the historic core of habeas corpus . . . the district court properly found it lacked jurisdiction to hear Sands's petition." Id. at 1075. Subsequently, the Ninth Circuit has stated that "Pinson solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

Petitioner argues that "Respondents attempt to reframe this case as a routine 'conditions of confinement' dispute governed by *Pinson v. Carvajal*. That characterization is incorrect." (ECF No. 14 at 1.) Petitioner contends that this "case presents a far more fundamental constitutional violation: whether the government may continue to detain a medically and psychologically vulnerable individual who is a judicially recognized victim of domestic violence under circumstances that render her detention unsafe, destabilizing, and constitutionally impermissible." (Id. (emphasis deleted).) "Petitioner does not seek improved conditions. She seeks release from unlawful detention." (Id. (emphasis deleted).) However, "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." Pinson, 69 F.4th at 1072. As previously noted in the order denying TRO, "Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance." (ECF No. 9 at 4.) Petitioner asserts that "[c]ourts in this Circuit have repeatedly recognized that habeas jurisdiction exists where the fact of detention itself becomes unconstitutional, even where medical circumstances are part of the analysis," (ECF No. 14 at 2), but fails to cite authority supporting such a contention.

"Release is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the *detention itself* is without legal authorization," Pinson, 69 F.4th at 1070, but Petitioner does not challenge the underlying legal basis or authority for her immigration detention. Based on the foregoing, and for the reasons set forth in the order denying

4

Petitioner's motion for TRO, the Court recommends finding that Petitioner's claims are not cognizable under 28 U.S.C. § 2241.

### III.

### RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (ECF No. 1) be DISMISSED for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge

5