UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIZABETH CRISTINA GARCIA BOSCAN,

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

No.  1:26-cv-00651-KES-SAB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR IMMEDIATE RELEASE; GRANTING RESPONDENTS' MOTION TO MODIFY; AND DIRECTING CLERK OF COURT TO CLOSE CASE

Docs. 1, 15, 18, 20, 22

Petitioner Elizabeth Cristina Garcia Boscan is represented by counsel and proceeds with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting claims concerning her alleged inadequate medical care while in immigration detention.  Doc. 1.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court previously denied petitioner's motion for temporary restraining order, finding that petitioner had not shown a likelihood of success on her claims.  Doc. 9.

On April 28, 2026, the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition.  Doc. 15.  Specifically, the magistrate judge found that "Petitioner does not challenge the underlying legal basis or authority for her immigration detention" and recommended that the petition be dismissed for failure to state a cognizable

1

federal habeas claim.  *Id.* at 4–5.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days after service.  *Id.* at 5.  On April 28, 2026, petitioner filed objections to the findings and recommendations, a notice of supplemental facts regarding petitioner's failed voluntary departure, and an emergency request for immediate release pending district court review of the findings and recommendations.  Docs. 16, 17, 18.

In her objections, petitioner asserts that this case is no longer about the adequacy of medical care.  Doc. 16 at 2.  But petitioner has not filed a motion for leave to amend or to supplement the petition.  *See* 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); Fed. R. Civ. P. 15.  Petitioner's objections do not show any legal or factual errors in the findings and recommendations, which correctly found that petitioner's claims are not cognizable under 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner's April 28, 2026 filings further indicate that she was granted voluntary departure on April 9, 2026, was prepared to depart on an international flight scheduled for April 27, 2026, but remained in detention and missed her departure date.  Docs. 16, 17, 18.  Petitioner included along with her request for immediate release a copy of the written order of the immigration judge granting voluntary departure.  Doc. 18 at 7–10.  The immigration judge's order specifies that petitioner will remain under safeguards to ensure timely departure.  *Id.* at 8.  Petitioner states that she is ready to leave the United States.  *Id.* at 4.

The Court ordered respondents to indicate the reason petitioner was unable to depart on her scheduled flight, whether and to what extent the period of voluntary departure was extended, and whether a final order of removal is in effect.  Doc. 19.  Respondents state that they initially "did not transport [petitioner] because her passport hadn't reached the California City Detention Facility," and that they subsequently "obtained a copy of [petitioner's] passport but did not

transport her to the airport due to this Court's do not transfer order." Doc. 20 at 1–2. Respondents also indicate that petitioner's voluntary departure has been extended to June 29, 2026, and that she is not subject to a final order of removal. *Id.* at 1. Respondents move to modify the Court's stay of transfer, so that petitioner may leave the United States in accord with the order granting voluntary departure. *Id.* Petitioner disputes respondents' assertion that she remained detained because necessary travel documentation was unavailable and requests immediate release and a ruling on pending matters. Docs. 21, 22. Petitioner has not shown that immediate release or—to the extent requested—voluntary departure exceeding the scope of the immigration judge's order, is warranted under the circumstances.

The dismissal of this case vacates the Court's prior order preventing transfer (Doc. 6) to permit petitioner's voluntary departure consistent with the immigration judge's order (Doc. 18 at 7–10).

Accordingly:

1. The findings and recommendations issued on April 28, 2026 (Doc. 15) are ADOPTED in full;

2. The petition for writ of habeas corpus (Doc. 1) is DISMISSED;

3. Petitioner's request for immediate release (Doc. 18) is DENIED;

4. Respondents' motion to modify the Court's stay of transfer (Doc. 20) is GRANTED, to allow petitioner to leave the United States in accordance with the immigration judge's order granting her voluntary departure;

5. Petitioner's request for ruling (Doc. 22) is terminated as moot; and

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 28, 2026

UNITED STATES DISTRICT JUDGE

3